**NOT FOR PUBLICATION**

FEB 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICENTA HERNANDEZ-PEREZ,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 17-71755<br><br>Agency No. A202-086-518<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022[**]
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Vicenta Hernandez Perez ("Hernandez Perez") petitions for review of the

Board of Immigration Appeals' ("BIA's") order dismissing her appeal of an

Immigration Judge's ("IJ's") order denying Hernandez Perez's applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Therefore, the appellant's motion to set argument is DENIED.

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Substantial evidence supports the BIA's determination that Hernandez Perez failed to establish persecution on account of a protected ground. Even assuming without deciding, as the BIA did, that Hernandez Perez's testimony was credible,[1] substantial evidence supports the BIA's determination that Hernandez Perez was targeted solely "as a form of revenge because she declined [her alleged persecutor's] request to be in a relationship with him." Because persecution on account of a personal desire for revenge is not persecution on account of a protected ground, *see Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011), Hernandez Perez's claims for both asylum and withholding fail, *see Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam).[2]

Substantial evidence also supports the BIA's determination that Hernandez Perez was not more likely than not to be tortured "by, or at the instigation of, or

---

[1] Because the BIA neither expressly adopted the IJ's adverse credibility determination nor conducted its own analysis of Hernandez Perez's credibility, and was not required to do either, we do not address Hernandez Perez's challenge to the adverse credibility determination. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).

[2] Because the BIA assumed without deciding that Hernandez Perez's particular social groups ("PSGs") were cognizable, and did not expressly adopt the IJ's determinations, we do not address Hernandez Perez's challenge to the PSG inquiry. *See Arrey*, 916 F.3d at 1157.

2

with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" if returned to Guatemala. 8 C.F.R. § 1208.18(a)(1); *see also id.* § 1208.16(c)(2). The BIA's conclusion was supported by Hernandez Perez's testimony that "the police in her area only spoke Spanish," but [her alleged persecutor] and his accomplices spoke Mam, and the lack of evidence that [her alleged persecutor] and his two accomplices used genuine (as opposed to fake or stolen) police-affiliated equipment or attire. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have reversed agency determinations that future torture is not likely only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity.").

Although the BIA erred in suggesting Hernandez Perez was required to prove internal relocation was unreasonable, *see Dawson v. Garland*, 998 F.3d 876, 884 (9th Cir. 2021), the error was harmless because the BIA rejected Hernandez Perez's claim for CAT relief on the ground that she failed to establish that her attackers were policemen. Moreover, the record provides substantial evidence that it is not unreasonable for Hernandez Perez to internally relocate to escape likely torture, given that all of the alleged attacks occurred in the Todos Santos area of

Guatemala and her alleged torturers were neither from the government nor government-sponsored.  *See* 8 C.F.R. § 1208.16(c)(3)(ii).

Hernandez Perez's argument that the BIA failed to address the country conditions evidence adequately is belied by the record, because the BIA expressly considered such evidence and determined it did not establish Hernandez Perez's "*individualized* risk of torture if returned to Guatemala."  We also reject Hernandez Perez's arguments regarding errors made by the IJ, because we review the BIA's decision, and the BIA did not make the same errors.

**PETITION DENIED.**